| Fill in this information to identify the case |
| --- |

United States Bankruptcy Court for the:

Southern _____  District of  New York
                              (State)

Case number (*If known*): _____    Chapter  11

☐  Check if this is
an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**    Walter Investment Management Corp.

**2. All other names debtor used in the last 8 years**    Walter Investment Management LLC

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)    13-3950486

**4. Debtor's address**

**Principal place of business**

1100 Virginia Drive, Suite 100
Number        Street

Fort Washington    Pennsylvania    19034
City                State          ZIP Code

Montgomery County
County

**Mailing address, if different from principal place of business**

Number        Street

P.O. Box 31601
P.O. Box

Tampa        Florida        33631-3601
City          State          ZIP Code

**Location of principal assets, if different from principal place of business**

Number        Street

City          State          ZIP Code

**5. Debtor's website** (URL)    www.walterinvestment.com

**6. Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other.  Specify: _____

WEIL:\96367436\1\79607.0003

Debtor   Walter Investment Management Corp.                    Case number (if known) _____
      Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above _____

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

**5239**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ A plan is being filed with this petition.

    ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes

| District _____ | When _____ | Case number _____ |
| | MM/ DD/ YYYY | |
| District _____ | When _____ | Case number _____ |
| | MM / DD/ YYYY | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No
☐ Yes

Debtor _____  Relationship _____
District _____  When _____
                                                  MM / DD/ YYYY
Case number, if known _____

WEIL:\96367436\1\79607.0003

Debtor ___Walter Investment Management Corp._____   Case number (if known) _____
        Name

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other  district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street |
|---|---|

_____

| City | State | ZIP Code |
|---|---|---|

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

WEIL:\96367436\1\79607.0003

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING** — Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ▪ I have been authorized to file this petition on behalf of the debtor.

- ▪ I have examined the information in this petition and have a reasonable belief that the information is true and  correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    <u>November 30, 2017</u>
                    MM/ DD /YYYY

✗    <u>/s/ David Coles</u>                              <u>David Coles</u>
     Signature of authorized representative of debtor         Printed name

     <u>Senior Vice President</u>
     Title

**18. Signature of attorney**

✗    <u>/s/ Sunny Singh</u>                    Date    <u>November 30, 2017</u>
     Signature  of attorney for  debtor                   MM / DD / YYYY

     <u>Sunny Singh</u>
     Printed Name

     <u>Weil, Gotshal & Manges LLP</u>
     Firm Name

     <u>767 Fifth Avenue</u>
     Number          Street

     <u>New York</u>                    <u>New York</u>                    <u>10153</u>
     City                             State                            ZIP Code

     <u>(212) 310-8000</u>                    <u>sunny.singh@weil.com</u>
     Contact phone                          Email address

     <u>4456349</u>                          <u>New York</u>
     Bar Number                             State

WEIL:\96367436\1\79607.0003

| Fill in this information to identify the case: |
| --- |

Debtor name:  <u>Walter Investment Management Corp.</u>

United States Bankruptcy Court  for the:  <u>Southern</u>    District of  <u>New York</u>
(State)

Case number (*If known*):  _____    Chapter  <u>11</u>

## Attachment to Voluntary Petition for Non-Individuals
## Filing for Bankruptcy under Chapter 11

1.    If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  **<u>0001040719</u>**.

2.    The following financial data is the latest available information and refers to the debtor's condition on **<u>September 30, 2017</u>**.

    a.   Total assets                                     **$ 14,979,635,000[1]**

    b.   Total debts (including debts listed in 2.c., below)     **$ 15,215,869,000[2]**

    c.   Debt securities held by more than 500 holders

|  |  |  |  | Approximate number of holders |
| --- | --- | --- | --- | --- |
| secured ☐ | unsecured ☒ | subordinated ☒ | $ 242,468,000 | 700 |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |

    d.   Number of shares of preferred stock                0

    e.   Number of shares common stock              37,373,551

Comments, if any: _____

3.    Brief description of debtor's business:

The Debtor is the ultimate parent of twenty-two (22) direct and indirect subsidiaries that originate and service mortgage loans and service reverse mortgage loans on an integrated basis.

The Debtor's non-Debtor affiliate, Ditech Financial LLC ("Ditech"), originates forward mortgage loans.   Virtually all of the loans that Ditech originates are conventional conforming loans eligible for securitization guaranteed by government-sponsored

---

[1] Consolidated for Debtor and non-Debtor affiliates.

[2] Consolidated for Debtor and non-Debtor affiliates.

enterprises, such as Fannie Mae and Freddie Mac[3], or Ginnie Mae MBSs.[4]    As of September 30, 2017, the total UPB of the warehoused loans held by Ditech and awaiting securitization was approximately $752.8 million.

Ditech also performs loan servicing of mortgage loans that fall into two categories: (i) mortgage loans for which Ditech owns the mortgage service rights ("MSRs"), and (2) subservicing for third party owners of MSRs.  As of September 30, 2017, Ditech serviced approximately 1.7 million residential loans with unpaid principal balance ("UPB") of $199.6 billion.

The Debtor's non-Debtor affiliate Reverse Mortgage Solutions, Inc. ("RMS") also services and subservices reverse mortgage loans insured by the FHA, and guaranteed by Ginnie Mae.  As of September 30, 2017, RMS serviced approximately 109,153 loans with a UPB of $19.8 billion, of which approximately 41,389 accounts with UPB of $8.1 billion were serviced by RMS as a subservicer for the MSR owner.

4.    List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

| Shareholder | Shares Held | Percentage of Common Shares Outstanding |
|---|---|---|
| Baker Street Capital Management, LLC and affiliates | 8,806,082 | 24% |
| Birch Run Capital Advisors, LP and affiliates | 7,474,587 | 20% |

---

[3] As used herein, "Fannie Mae" means the Federal National Mortgage Association, and "Freddie Mac" means the Federal Home Loan Mortgage Corporation. Fannie Mae and Freddie Mac are government-sponsored enterprises (each a "GSE" and collectively the "GSEs") chartered by Congress that buy and securitize mortgage loans originated by mortgage lenders, enabling the lenders quick access to liquidity fueled by the market demand for residential mortgage backed securities.

[4] As used herein, "Ginnie Mae" means the Government National Mortgage Association. Ginnie Mae is a federal corporation within the Department of Housing and Urban Development ("HUD"), a federal agency, that guarantees investors the timely payment of principal and interest on RMBS backed by federally insured or guaranteed loans, primarily loans insured by the Federal Housing Administration ("FHA") or guaranteed by the Department of Veterans Affairs ("VA") or the Department of Agriculture ("USDA").

**WALTER INVESTMENT MANAGEMENT CORP.**
**CERTIFICATE OF RESOLUTIONS**

November 30, 2017

The undersigned, David Coles, an Authorized Officer of Walter Investment Management Corp. (the "**Company**"), a Maryland corporation, hereby certifies as follows:

     A. I am a duly qualified and elected officer of the Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company;

     B. Attached hereto as **Exhibit A** is a true, complete and correct copy of the adopted Resolutions of the Board of Directors of Walter Investment Management Corp., duly adopted in accordance with the Company's bylaws on the 30th of November, 2017; and

     C. Such resolutions have not been amended, altered, annulled, rescinded or revoked and are in full force and effect as of the date hereof.  There exist no other subsequent resolutions relating to the matters set forth in the resolutions attached hereto.

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the date first written above.

                    /s/ David Coles
                    David Coles
                    Senior Vice President

**<u>Exhibit A</u>**

**Resolutions of the Board of Directors
of Walter Investment Management Corp.**

**RESOLUTIONS OF THE
THE BOARD OF DIRECTORS OF
WALTER INVESTMENT MANAGEMENT CORP.**

**November 30, 2017**

**WHEREAS**, the Board of Directors (the "**Board**") of Walter Investment Management Corp. (the "**Company**") has reviewed and has had the opportunity to ask questions about the materials presented by management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's business; and

**WHEREAS**, the Board has had the opportunity to consult with management and the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Board previously approved the form, terms and provisions of, and the execution, delivery, and performance of, and, on October 20, 2017, the Company entered into, the amended and restated restructuring support agreement (the "**Term Lender RSA**") with the consenting lenders party to that certain Amended and Restated Credit Agreement, dated as of December 19, 2013 by and among the Company, as borrower, Credit Suisse AG, as administrative agent, and the other lenders party thereto (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time in accordance with the terms thereof, the "**Prepetition Credit Agreement**") and the restructuring supporting agreement (the "**Senior Noteholder RSA**," and together with the Term Lender RSA, the "**RSAs**") with the consenting holders of the Company's 7.875% senior notes due 2021, issued pursuant to that certain indenture dated as of December 17, 2013 (as amended, restated, supplemented or otherwise modified from time to time in accordance with the terms thereof); and

**WHEREAS**, the Board previously approved, and on November 6, 2017, the Company entered into, the Commitment Letter, by and among the Company as Guarantor, its wholly-owned direct subsidiaries Reverse Mortgage Solutions, Inc. ("**RMS**") and Ditech Financial LLC ("**Ditech**") as Sellers, Credit Suisse First Boston Mortgage Capital LLC as Administrative Agent and together with Credit Suisse AG Cayman Islands Branch and Barclays Bank PLC as Buyers (the "**Commitment Letter**"), pursuant to which Buyers committed to provide new debtor-in-possession financing in an amount of up to $1,900,000,000 and exit financing in the same amount on terms and subject to conditions set forth in the Commitment Letter and the term sheet attached thereto; and

**WHEREAS,** on November 6, 2017, pursuant to the terms of the RSAs, the Company commenced the solicitation of votes (the "**Solicitation**") to obtain acceptances of the Prepackaged Chapter 11 Plan of Reorganization of Walter Investment Management Corp. and Affiliate Co-Plan Proponents, dated November 6, 2017 (the "**Prepackaged Plan**"); and

**WHEREAS**, pursuant to the Solicitation, the Company has received the requisite votes to accept its Prepackaged Plan from the classes of claims entitled to vote thereon; and

**WHEREAS**, in furtherance of the Prepackaged Plan, the Board desires to approve the following resolutions.

## NOW, THEREFORE, BE IT HEREBY

### I.    <u>Commencement of Chapter 11 Case</u>

**RESOLVED**, that the Board has determined, after consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"); and be it further

**RESOLVED**, that any officer of the Company, including, without limitation, Senior Vice President, David Coles (each, an "**Authorized Officer**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of the Company all petitions, schedules, motions, lists, applications, pleadings, and other papers in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case (the "**Chapter 11 Case**"), including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of the Chapter 11 Case; and be it further

### II.    <u>Debtor-in-Possession Financing</u>

**RESOLVED**, that in connection with the Chapter 11 Case, and as previously authorized and agreed to by Ditech and RMS in connection with the Commitment Letter, it is in the best interest of the Company, Ditech, RMS, RMS REO CS, LLC ("**RMS REO CS**") and RMS REO BRC, LLC ("**RMS REO BRC**") to engage in, and the Company, Ditech, RMS, RMS REO CS and RMS REO BRC will obtain benefits from, the financing transactions contemplated by the agreements listed on <u>Schedule A</u> hereto and any and all of the other agreements, including, without limitation, any other guarantees, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing (as defined below) (together with the transaction documents listed on <u>Schedule A</u>, collectively, the "**DIP Financing Documents**"), which, subject to the approval of the Bankruptcy Court, will provide the Company, Ditech, RMS, RMS REO CS and RMS REO BRC up to $1.9 billion in available warehouse financing which is expected to convert into exit financing in the same amount, which is necessary and appropriate for the conduct, promotion and attainment of the business of the Company and its subsidiaries, including Ditech, RMS, RMS REO CS and RMS REO BRC (the "**Debtor-in-Possession Financing**") (capitalized terms used in this section with respect to Debtor-in-Possession Financing and not otherwise defined herein shall have the meanings ascribed to such terms in the Commitment Letter or the term sheet attached thereto); and be it further

WEIL:\96367436\1\79607.0003

**RESOLVED**, that the Company's performance of its obligations under the DIP Financing Documents, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Financing Documents, on substantially the same terms and conditions presented to the Board, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Administrative Agent or required by the DIP Financing Documents; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, as part of the adequate protection to be provided to the lenders and administrative agent under the Prepetition Credit Agreement, to grant replacement security interests in, and replacement liens on, any and all property of the Company as collateral pursuant to the Bankruptcy Court's orders to secure all of the obligations and liabilities of the Company thereunder, and to authorize, execute, verify, file and/or deliver to the administrative agent, on behalf of the Company, all agreements, documents and instruments required by the lenders or the administrative agent under the Prepetition Credit Agreement in connection with the foregoing; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Officer's judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

## III.    Retention of Advisors

**RESOLVED**, that the firm of Houlihan Lokey Capital, Inc., located at 10250 Constellation Blvd., 5th Floor, Los Angeles, California 90067, is hereby retained as financial advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, NY 10153, is hereby retained as attorneys for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Alvarez & Marsal North America, LLC, located at 600 Madison Avenue, 5th Floor, New York, NY 10022, is hereby retained as financial

WEIL:\96367436\1\79607.0003

consultants for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

      **RESOLVED**, that the firm of Prime Clerk LLC, located at 830 3rd Avenue, 9th Floor, New York, NY 10022, is hereby retained as consultants for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

## IV.    <u>Approval of Actions of Subsidiaries</u>

      **RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of certain of the Company's direct and indirect subsidiaries for each such entity or entities to take any and all action, including related to the Debtor-in-Possession Financing and authorizing a filing in the Bankruptcy Court, and to execute and deliver all documents (including the DIP Financing Documents), agreements, motions and pleadings as are necessary, proper, or desirable to enable such subsidiary to carry out the Debtor-in-Possession Financing and filing in the Bankruptcy Court contemplated hereby, including granting any director, officer, or other authorized representative as applicable according to local law, the authority to take action in support thereof; and be it further

## V.    <u>General</u>

      **RESOLVED,** that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of the Authorized Officer shall be or become necessary, proper, or desirable in connection with the Chapter 11 Case and Debtor-in-Possession Financing; and be it further

      **RESOLVED**, that any actions taken by any Authorized Officer, for or on behalf of the Company, prior to the date hereof that would have been authorized by these resolutions but for the fact that such actions were taken prior to the date hereof be, and they hereby are, authorized, adopted, approved, confirmed and ratified in all respects as the actions and deeds of the Company.

WEIL:\96367436\1\79607.0003

## Schedule A

1. Omnibus Master Refinancing Amendment, dated as of November 30, 2017 (the "Closing Date"), among Credit Suisse First Boston Mortgage Capital LLC, Credit Suisse AG, Cayman Islands Branch, Alpine Securitization LTD, Barclays Bank PLC, Ditech Financial LLC, Reverse Mortgage Solutions, Inc., RMS REO CS, LLC, RMS REO BRC, LLC, and Walter Investment Management Corp.

2. Master DIP Fee Letter, dated as of the Closing Date, among Credit Suisse First Boston Mortgage Capital LLC, Credit Suisse AG, Cayman Islands Branch, Alpine Securitization LTD, Barclays Bank PLC, Ditech Financial LLC, Reverse Mortgage Solutions, Inc., and Walter Investment Management Corp.

3. Amended, Restated and Consolidated Master DIP Guaranty, dated as of the Closing Date, made by Guarantor in favor of Credit Suisse First Boston Mortgage Capital LLC for the benefit of Credit Suisse AG, Alpine Securitization LTD, Barclays Bank PLC and each buyer identified by Credit Suisse First Boston Mortgage Capital LLC from time to time.

4. Margin, Setoff and Netting Agreement, dated as of the Closing Date, among Credit Suisse Securities (USA) LLC, Credit Suisse First Boston Mortgage Capital LLC, Credit Suisse AG, Cayman Islands Branch, Alpine Securitization LTD, Barclays Bank PLC, Ditech Financial LLC, Reverse Mortgage Solutions, Inc., RMS REO CS, LLC, and RMS REO BRC, LLC and acknowledged and agreed to by Walter Investment Management Corp.

5. Master Administration Agreement, dated as of the Closing Date, among Credit Suisse First Boston Mortgage Capital LLC, Credit Suisse AG, Cayman Islands Branch, Alpine Securitization LTD, Barclays Bank PLC, Ditech Financial LLC and Reverse Mortgage Solutions, Inc.

6. Second Amended and Restated Master Repurchase Agreement, dated as of the Closing Date, among Credit Suisse First Boston Mortgage Capital LLC, Credit Suisse AG, Cayman Islands Branch, Alpine Securitization LTD, Barclays Bank PLC, Reverse Mortgage Solutions, Inc., RMS REO CS, LLC and RMS REO BRC, LLC.

7. Second Amended, Restated and Consolidated Pricing Letter, dated as of the Closing Date, among Credit Suisse First Boston Mortgage Capital LLC, Credit Suisse AG, Cayman Islands Branch, Alpine Securitization LTD, Barclays Bank PLC, Reverse Mortgage Solutions, Inc., RMS REO CS, LLC and RMS REO BRC, LLC.

8. Amendment No. 1 to Amended and Restated Custodial Agreement, dated as of the Closing Date, among Credit Suisse First Boston Mortgage Capital LLC, Credit Suisse AG, Cayman Islands Branch, Alpine Securitization LTD, Barclays Bank PLC, Reverse Mortgage Solutions, Inc., RMS REO CS, LLC, RMS REO BRC, LLC and Deutsche Bank National Trust Company.

9.  Amendment No. 1 to Amended and Restated Nominee Agreement, dated as of the Closing Date, among RMS REO CS, LLC, Reverse Mortgage Solutions, Inc. and RMS REO BRC, LLC.

10. The Third Amended and Restated Indenture, dated as of the Closing Date and effective as of the Effective Date (as defined in the Indenture), by and among Green Tree Agency Advance Funding Trust I, Wells Fargo Bank, N.A., as indenture trustee, calculation agent, paying agent and securities intermediary, Ditech Financial LLC, as servicer and as administrator, Credit Suisse First Boston Mortgage Capital LLC, as administrative agent, and consented to by Barclays Bank PLC, as initial administrative agent and as the sole noteholder.

11. The Series 2014-VF2 Second Amended and Restated Indenture Supplement to the Third Amended and Restated Indenture, dated as of the Closing Date and effective as of the Effective Date, by and among Green Tree Agency Advance Funding Trust I, Wells Fargo Bank, N.A. (as indenture trustee, calculation agent, paying agent and securities intermediary), Ditech Financial LLC, as servicer and as administrator, Credit Suisse First Boston Mortgage Capital LLC, as administrative agent,   and consented to by Barclays Bank PLC.

12. The Second Amended and Restated Receivables Sale Agreement, dated as of the Closing Date and effective as of the Effective Date, by and among Ditech Financial LLC, as the receivables seller, Green Tree Advance Receivables III LLC, as depositor, and Walter Investment Management Corp., as guarantor.

13. The Second Amended and Restated Administration Agreement, dated as of the Closing Date and effective as of the Effective Date, by and between Green Tree Agency Advance Funding Trust I and Ditech Financial LLC and consented to by Barclays Bank PLC.

14. The Assignment of Receivables, dated as of the Closing Date and effective as of the Effective Date, to be entered into between Green Tree Advance Receivables III LLC and Ditech Financial LLC.

15. Assignment and Assumption Agreement, dated as of the Closing Date and effective as of the Effective Date, by and between Barclays Bank PLC and Ditech Financial LLC, as purchaser, and acknowledged and agreed to by Green Tree Advance Receivables III LLC and Green Tree Agency Advance Funding Trust I.

16. The Amended and Restated Acknowledgment Agreement with Respect to Servicing Advance Receivables, dated as of the Closing Date, by and among Green Tree Agency Advance Funding Trust I, Green Tree Advance Receivables III LLC, Ditech Financial LLC, Wells Fargo Bank, N.A., Fannie Mae, Credit Suisse First Boston Mortgage Capital LLC, as administrative agent and repo administrative agent.

17. The Sixth Amended and Restated Consent, dated as of the Closing Date, by and among the Federal Home Loan Mortgage Corporation, Ditech Financial LLC, Green Tree

Advance Receivables III LLC, Green Tree Agency Advance Funding Trust I, Credit Suisse First Boston Mortgage Capital LLC and Wells Fargo Bank, N.A.

18. The Second Amended and Restated Limited Liability Company Agreement of Green Tree Advance Receivables III LLC, dated as of the Closing Date, entered into by Ditech Financial LLC (formerly Green Tree Servicing LLC), as the member, and agreed to and consented to by the Special Member and Independent Manager (each as defined therein).

19. Second Amended and Restated Receivables Pooling Agreement, dated as of the Closing Date and effective as of the Effective Date, between Green Tree Advance Receivables III LLC, and Green Tree Agency Advance Funding Trust I and consented to by Credit Suisse First Boston Mortgage Capital, Barclays Bank PLC.

20. Assignment of Receivables, dated as of the Closing Date and effective as of the Effective Date, between Green Tree Advance Receivables III LLC and Green Tree Agency Advance Funding Trust I.

21. Green Tree Agency Advance Funding Trust I Advance Receivables Backed Note, Series 2014-VF2 Note Number 1, dated as of the Effective Date in the name of Credit Suisse First Boston Mortgage Capital LLC.

22. The Amended and Restated Trust Agreement, dated as of dated as of the Closing Date and effective as of the Effective Date, by and among Green Tree Advance Funding Trust I, Wilmington Trust, National Association and Ditech Financial LLC.

23. The Indenture, dated as of the Closing Date and effective as of the Effective Date, among Ditech PLS Advance Trust, as the issuer, Wells Fargo Bank, N.A., as indenture trustee, calculation agent, paying agent, and securities intermediary, Ditech Financial LLC, as administrator and as servicer, and Credit Suisse First Boston Mortgage Capital LLC, as administrative agent.

24. Series 2017-VF1 Indenture Supplement to Indenture, dated as of the Closing Date and effective as of the Effective Date, among Ditech PLS Advance Trust, Wells Fargo Bank, N.A. (as indenture trustee, calculation agent, paying agent and securities intermediary), Ditech Financial LLC and Credit Suisse First Boston Mortgage Capital LLC.

25. Receivables Sale Agreement, dated as of the Closing Date and effective as of the Effective Date, among Ditech Financial LLC, as the receivables seller Green Tree Advance Receivables III LLC, as depositor, and Walter Investment Management Corp., as guarantor.

26. Assignment of Receivables, dated as of the Closing Date and effective as of the Effective Date, between Ditech Financial LLC and Green Tree Advance Receivables III LLC.

WEIL:\96367436\1\79607.0003

27. Receivables Pooling Agreement, dated as of the Closing Date and effective as of the Effective Date, between Green Tree Advance Receivables III LLC and Ditech PLS Advance Trust.

28. Assignment of Receivables, dated as of the Closing Date and effective as of the Effective Date, between Green Tree Advance Receivables III LLC and Ditech PLS Advance Trust.

29. Note Purchase Agreement, dated as of the Closing Date and effective as of the Effective Date, among Ditech Financial LLC, Green Tree Advance Receivables III LLC, Credit Suisse First Boston Mortgage Capital LLC and Ditech PLS Advance Trust.

30. Administration Agreement, dated as of the Closing Date and effective as of the Effective Date, between Ditech PLS Advance Trust and Ditech Financial LLC.

31. Ditech PLS Advance Trust Advance Receivables Backed Note, Series 2017-VF1 Note Number 1, dated as of the Effective Date, in the name of Credit Suisse First Boston Mortgage Capital LLC.

32. Pledge Agreement, dated as of the Closing Date, but effective as of the Effective Date, made by Green Tree Advance Receivables III LLC, as pledger in favor of Credit Suisse First Boston Mortgage Capital LLC, Credit Suisse AG, a company incorporated in Switzerland, acting through its Cayman Islands Branch, and Alpine Securitization LTD, as buyers.

33. The Variable Funding Note Purchase Agreement, dated as of the Closing Date and effective as of the Effective Date, by and among Ditech Financial LLC, as purchaser, Credit Suisse First Boston Mortgage Capital LLC, as servicer, administrator and receivables seller, Green Tree Advance Receivables III LLC, and Ditech PLS Advance Trust.

34. The Amended and Restated Trust Agreement, dated as of dated as of the Closing Date and effective as of the Effective Date, by and among Ditech PLS Advance Trust, Wilmington Trust, National Association and Ditech Financial LLC.

35. Master Repurchase Agreement, dated as of the Closing Date and effective as of the Effective Date, to be entered into by and among Credit Suisse First Boston Mortgage Capital LLC, Credit Suisse AG, Cayman Islands Branch, Alpine Securitization LTD and Ditech Financial LLC.

36. Pricing Side Letter, dated the Closing Date and effective as of the Effective Date, to be executed by Credit Suisse First Boston Mortgage Capital LLC, Credit Suisse AG, Cayman Islands Branch, Alpine Securitization LTD and Ditech Financial LLC.

37. Power of Attorney, dated as of the Closing Date and effective as of the Effective Date, to be entered into by Ditech Financial LLC.

WEIL:\96367436\1\79607.0003

38. Amendment No. 4, dated as of the Closing Date and effective as of the Effective Date, to the Amended and Restated Master Repurchase Agreement, dated as of November 18, 2016, among Credit Suisse First Boston Mortgage Capital LLC, Credit Suisse AG, Cayman Islands Branch, Alpine Securitization LTD, Walter Investment Management Corp. and Ditech Financial LLC, as joined thereto by Barclays Bank PLC.

39. Amendment No. 7, dated as of the Closing Date and effective as of the Effective Date, to Amended and Restated Pricing Side Letter, dated as of November 18, 2016, among Credit Suisse First Boston Mortgage Capital LLC, Credit Suisse AG, Cayman Islands Branch, Alpine Securitization LTD, Walter Investment Management Corp. and Ditech Financial LLC, as joined thereto by Barclays Bank PLC.

WEIL:\96367436\1\79607.0003

**Fill in this information to identify the case:**

Debtor name: <u>Walter Investment Management Corp.</u>

United States Bankruptcy Court  for the: <u>Southern</u>  District of <u>New York</u>
(State)

Case number (*If known*): _____

☐ Check if this is an
amended filing

<u>Official Form 204</u>

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1  Wilmington Savings Fund Society, FSB Attn: Patrick J. Healy 500 Delaware Avenue Wilmington, DE  19801 | Attn: Patrick J. Healy 500 Delaware Avenue Wilmington, DE  19801 Email: phealy@wsfsbank.com Phone: 302-888-7420 Fax:  302-421-9137 | Senior Notes | | | | $558,222,163.88 |
| 2  Wells Fargo Bank, National Association Attn: Thomas M. Korsman 600 S 4th Street, 6th Floor MAC N9300-161 Minneapolis, MN  55479 | Attn: Thomas M. Korsman 600 S 4th Street, 6th Floor MAC N9300-161 Minneapolis, MN  55479 Email: thomas.m.korsman@wellsfargo.com Phone: 612-466-5890 Fax:  866-680-1777 | Convertible Notes | | | | $248,832,785.00 |
| 3  Federal National Mortgage Association Attn: Mark Bickert Customer Delivery Leader 3900 Wisconsin Avenue, N.W. Washington, DC  20016 | Attn: Mark Bickert Customer Delivery Leader 3900 Wisconsin Avenue, N.W. Washington, DC  20016 Email: Mark_s_Bickert@fanniemae.com Phone: 202-752-6211 | Contingent Guarantee | Contingent Unliquidated | | | Undetermined |
| 4  Federal Home Loan Mortgage Association Attn: Timothy Hartless Vice President, National Lending 1551 Park Run Drive MS D2K McLean, VA  22102-3110 | Attn: Timothy Hartless Vice President, National Lending 1551 Park Run Drive MS D2K McLean, VA  22102-3110 Email: Timothy_Hartless@freddiemac.com Phone: 571-382-3195 | Contingent Guarantee | Contingent Unliquidated | | | Undetermined |
| 5  Government National Mortgage Association Attn: Harlan Jones Senior Account Executive 451 7th Street S.W. Washington, DC  20410 | Attn: Harlan Jones Senior Account Executive 451 7th Street S.W. Washington, DC  20410 Email: Harlan.K.Jones@hud.gov Phone: 202-475-8798 | Contingent Guarantee | Contingent Unliquidated | | | Undetermined |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | Barclays Bank PLC Attn: Joseph O'Doherty Managing Director 745 Seventh Avenue, 4th Floor New York, NY 10019 | Attn: Joseph O'Doherty Managing Director 745 Seventh Avenue, 4th Floor New York, NY 10019 Email: joseph.o'doherty@barclayscapital.com Phone: 212-412-7990 Fax: 212-412-7333 | Contingent Guarantee | Contingent Unliquidated | | | Undetermined |
| 7 | Credit Suisse First Boston Mortgage Capital LLC Attn: Margaret Dellafera Mortgage Finance c/o Credit Suisse Securities (USA) LLC Eleven Madison Avenue, 4th Floor New York, NY 10010 | Attn: Margaret Dellafera Mortgage Finance c/o Credit Suisse Securities (USA) LLC Eleven Madison Avenue, 4th Floor New York, NY 10010 Email: margaret.dellafera@credit-suisse.com Phone: 212-325-6471 Fax: 212-743-4810 | Contingent Guarantee | Contingent Unliquidated | | | Undetermined |
| 8 | Credit Suisse First Boston Mortgage Capital LLC Attn: Margaret Dellafera Mortgage Finance c/o Credit Suisse Securities (USA) LLC Eleven Madison Avenue, 4th Floor New York, NY 10010 | Attn: Margaret Dellafera Mortgage Finance c/o Credit Suisse Securities (USA) LLC Eleven Madison Avenue, 4th Floor New York, NY 10010 Email: margaret.dellafera@credit-suisse.com Phone: 212-325-6471 Fax: 212-743-4810 | Contingent Guarantee | Contingent Unliquidated | | | Undetermined |
| 9 | Barclays Bank PLC Attn: Joseph O'Doherty Managing Director 745 Seventh Avenue, 4th Floor New York, NY 10019 | Attn: Joseph O'Doherty Managing Director 745 Seventh Avenue, 4th Floor New York, NY 10019 Email: joseph.o'doherty@barclayscapital.com Phone: 212-412-7990 Fax: 212-412-7333 | Contingent Guarantee | Contingent Unliquidated | | | Undetermined |
| 10 | Flagstar Bank, FSB Attn: Matt Kovack 5151 Corporate Drive Troy, MI 48908 | Attn: Matt Kovack 5151 Corporate Drive Troy, MI 48908 Email: Matthew.Kovack@flagstar.com Phone: 248-312-5122 | Contingent Guarantee | Contingent Unliquidated | | | Undetermined |
| 11 | Walter Capital Opportunity Corp./ Walter Capital Opportunity, LP Attn: Daniel Kashdin, President c/o Walter Investment Management Corp. 3000 Bayport Drive, Suite 1100 Tampa, FL 33607 | Attn: Daniel Kashdin, President c/o Walter Investment Management Corp. 3000 Bayport Drive, Suite 1100 Tampa, FL 33607 Email: dkashdin@walterinvestment.com Phone: 813-421-7600 Fax: 813-286-2154 | Contractual Indemnity | Contingent Unliquidated Disputed | | | Undetermined |
| 12 | Denmar Dixon | Address on File | Severance | | | | $1,245,988.82 |
| 13 | Quattro Direct LLC Attn: Ed Rooney Senior Account Director 200 Berwyn Park, Suite 310 Berwyn, PA 19312 | Attn: Ed Rooney Senior Account Director 200 Berwyn Park, Suite 310 Berwyn, PA 19312 Email: erooney@quattrodirect.com Phone: 610-993-0070x38 | Contract Counterparty | | | | $418,916.90 |

Official Form 204    **List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders**    Page 2

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 | LexisNexis, A Division of RELX Group Attn: Chief Legal Officer 9443 Springboro Pike Miamisburg, OH 45342 | Attn: Chief Legal Officer 9443 Springboro Pike Miamisburg, OH 45342 Email: legalnotices@lexisnexis.com Phone: 937-865-1211 Fax: 800-227-9597 | Contract Counterparty | | | | $145,274.77 |
| 15 | Newcourse Communications Inc. Attn: Jim Conde Chairman & CEO, Principal 5010 Linbar Drive, Suite 100 Nashville, TN 37211 | Attn: Jim Conde Chairman & CEO, Principal 5010 Linbar Drive, Suite 100 Nashville, TN 37211 Email: jim.conde@newcoursecc.com Phone: 615-812-0197 Fax: 615-332-3442 | Contract Counterparty | | | | $124,853.61 |
| 16 | Stuart Boyd | Address on File | Severance | | | | $122,797.69 |
| 17 | KPMG LLP Attn: Jennifer Van Dalen 345 Park Avenue New York, NY 10154 | Attn: Jennifer Van Dalen 345 Park Avenue New York, NY 10154 Email: jvandalen@kpmg.com Phone: 212-872-3560 | Contract Counterparty | | | | $71,998.08 |
| 18 | Vendor Pass Inc. Attn: Robert Dixon Director of Partnerships 10151 Deerwood Blvd. Jacksonville, FL 32256 | Attn: Robert Dixon Director of Partnerships 10151 Deerwood Blvd. Jacksonville, FL 32256 Email: Robert.dixon@vendorpass.com Phone: 904-360-2444 | Contract Counterparty | | | | $63,168.34 |
| 19 | Indecomm Holdings Inc. Attn: Rajan Nair Chief Executive Officer – Financial Services 379 Thornall Street, 2nd Floor Edison, NJ 08837 | Attn: Rajan Nair Chief Executive Officer – Financial Services 379 Thornall Street, 2nd Floor Edison, NJ 08837 Email: rajan@indecomm.net Phone: 732-259-1405 | Contract Counterparty | | | | $32,718.04 |
| 20 | Pontoon Solutions Inc. Attn: General Counsel 1301 Riverplace Blvd., Suite 1000 Jacksonville, FL 32207 | Attn: General Counsel 1301 Riverplace Blvd., Suite 1000 Jacksonville, FL 32207 Email: jon.bernhardt@pontoonsolutions.com Phone: 855-881-1533 | Contract Counterparty | | | | $18,488.40 |

---

**Fill in this information to identify the case:**

Debtor name: <u>Walter Investment Management Corp.</u>

United States Bankruptcy Court  for the: <u>Southern</u>  District of <u>New York</u>
                                                                         (State)

Case number (*If known*): _____

---

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐  Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐  Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐  Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐  Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐  Schedule H: Codebtors (Official Form 206H)
- ☐  Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐  Amended Schedule ____
- ☑  Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐  Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>November 30, 2017</u>          X <u>/s/ David Coles</u>
            MM  /DD /YYYY                        Signature of individual signing on behalf of debtor

                                                <u>David Coles</u>
                                                Printed name

                                                <u>Senior Vice President</u>
                                                Position or relationship to debtor

---

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors