UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

_____ x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| WALTER INVESTMENT MANAGEMENT | : | Case No. 17-13446 (JLG) |
| CORP., | : | **Hearing Date: 1/12/18 @10:00 a.m.** |
| Debtor | : | **Objection Deadline: 12/29/17** |

_____ x

**LIMITED OBJECTION OF RICHARD WORLEY, INDIVIDUALLY AND AS COURT APPOINTED LEAD PLAINTIFF ON BEHALF OF A PUTATIVE CLASS OF SIMILARLY SITUATED EQUITY PURCHASERS, TO
THE DEBTOR'S PREPACKAGED PLAN OF REORGANIZATION**

Richard Worley, individually and as court appointed lead plaintiff on behalf of all others similarly situated (the "Elkin Class Action Plaintiffs") hereby files this limited objection (the "Objection") to the Debtor's Prepackaged Plan of Reorganization ("Plan") and states as follows:

1. Richard Worley is the Court-appointed Lead Plaintiff for the Elkin Class Action Plaintiffs in the putative securities fraud class action styled *Elkin v. Walter Investment Management Corp.*, *et. al.*, No. 2:17-cv-02025-JCJ ("Elkin Class Action") filed on or about March 16, 2017 and pending in the United States District Court for the Eastern District of Pennsylvania.

2. A copy of the operative Complaint in the Elkin Class Action is annexed hereto as Exhibit A.

1

3. Worley and the Elkin Class Action Plaintiffs allege that the Debtor and certain of its officers and directors violated the federal securities laws by making materially false and misleading statements and omissions regarding the calculation and reporting of the Debtor's deferred tax asset and stockholders' equity balances, and other public statements related thereto during the period August 9, 2016 through August 1, 2017, as further detailed in Exhibit A. The claims asserted in the operative complaint are direct, non-derivative claims and seek unspecified damages believed to total tens of millions of dollars on behalf of purchasers of the Debtor's equity securities.

4. Neither the Disclosure Statement nor the Plan reference the Elkin Class Action. In particular, the claims of the Elkin Class Action Plaintiffs are not separately classified under the Plan, whether as subordinated claims or claims in connection with the purchase or sale of equity securities under Section 510(b) of the Bankruptcy Code. To the extent any Elkin Class Action Plaintiff still holds the equity securities of the Debtor, they would be classified under Class 9 of the Plan. Whether an equity holder under Class 9 or an unclassified holder of a claim subordinated under Section 510(b), the Elkin Class Action Plaintiffs were not solicited by the Debtor for any vote on the Plan, are at best deemed to reject the Plan and therefore, by the terms of the Plan, are not granting the releases set forth in Section 10.6(b) of the Plan.

5. While it should be clear that pursuant to the Plan and the Notice of Commencement of Chapter 11 Case of Walter Investment Management Corp. and Summary of Prepackaged Plan of Reorganization dated December 5, 2017, the Elkin Class Action Plaintiffs are not subject to the third party release and their claims against the non-debtor defendants in the Elkin Class Action are unaffected by the Plan, in an abundance of caution, Worley files this limited Objection. Section 10.6(b) of the Plan defines the scope of "Consensual Releases by

Holders of Impaired Claims" and specifically references "the purchase, sale or rescission of the purchase or sale of any security of the Debtor" as within the ambit of the release. Moreover, the term "Released Parties" within that release provision is defined to include the Debtor and its current and former officers and directors, i.e. all of the defendants in the Elkin Class Action. The paragraph carves out releases of "willful misconduct or fraud as determined by a Final Order." All of this language appears somewhat ambiguous as applied to the Elkin Class Action.

6.  Section 10.5 of the Plan provides for an injunction on discharged claims enjoining, among other matters, parties from: "(ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Released Parties or the property of any of the Released Parties."

7.  If, as Worley believes, no release of or injunction against the prosecution of the claims against the non-debtor defendants is being imposed on the Elkin Class Action Plaintiffs, that should be made clear in the Plan and/or the Confirmation Order. Otherwise, any such release would be non-consensual and unavailable to the Debtor under Second Circuit law. In order to approve a non-debtor release included in a plan of reorganization, a bankruptcy court must have subject matter jurisdiction and constitutional authority over the released claims as between the non-debtor parties to litigation outside of the Chapter 11 proceeding. *See Stern v. Marshall,* 131 S. Ct. 2594 (2011) and its progeny. Among other things, the non-debtor benefitting from the release must be shown to have provided ample consideration to the estate and the non-debtor releasing party. As the Second Circuit has explained, such releases are to be approved only in "rare cases." *Deutsche Bank AG v. Metromedia Fiber Network, Inc.*, 416 F.3d 136, 141-42 (2d Cir. 2005). They should not be approved absent a finding that the circumstances

3

are unique, rendering "the release terms important to success of the plan." *Id.* at 143. *See, also*

*In re Genco Shipping & Trading Ltd.*, 513 B.R. 233, 272 (Bankr. S.D.N.Y. 2014) (describing

such unique circumstances). Here, no such showing has been or can be made -- the Debtor's

filings fail to even reference the Elkin Class Action and/or the roles of the non-debtor defendants

in respect thereto.

8. Accordingly, the Plan and/or the confirmation order should be modified to include the following:

> Notwithstanding any other provision in the Plan, as currently exists or as may be modified or amended, the release and the injunction in Sections 10.6(b) and 10.5 shall not apply to the causes of action and claims for relief which are or may be asserted against any non-debtor defendant in the securities class action pending in the United States District Court for the Eastern District of Pennsylvania titled *Elkin v. Walter Investment Management Corp., et. al.*, No. 2:17-cv-02025-JCJ or the ability of the Elkin Class Action Plaintiffs to obtain discovery from the Debtors or the Reorganized Debtors post-confirmation.

10. Absent this clarification, the Plan as currently proposed should not be confirmed.

Dated: December 29, 2017                LOWENSTEIN SANDLER LLP

By: *Michael S. Etkin*
Michael S. Etkin
1251 Avenue of the Americas
New York, New York 10020
T: 212-262-6700
F: 212-262-7402

4

metkin@lowenstein.com

*Bankruptcy Counsel for Lead Plaintiff
and the Class*

**GLANCY PRONGAY & MURRAY LLP**
Lee Albert (P.A. Bar ID 46852)
230 Park Ave., Suite 530
New York, New York  10169
T:  (212) 682-5340
F:  (212) 884-0988
lalbert@glancylaw.com

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Robert V. Prongay
Leanne H. Solish
1925 Century Park, East, Suite 2100
Los Angeles, California 90067
T:  (310) 201-9150
F:  (310) 201-9160
Info@glancy.law.com

*Lead Counsel for Lead Plaintiff and the Class*